IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

GSL GROUP, INC.,

       Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY, a corporation,

       Defendant.

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Travelers Indemnity Company ("Travelers") removes this action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado on the ground that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Travelers states as follows:

### BACKGROUND

1. On December 29, 2017, Plaintiff GSL Group, Inc. ("Plaintiff") commenced this action in the District Court, City and County of Denver, State of Colorado, No. 2017CV34852 ("State Court Action"). True and accurate copies of all process, pleadings, orders, and other papers filed with the State Court Action are being submitted herewith, as required by 28 U.S.C.

§ 1446(a), D.C.COLO.LCivR 81.1, and this Court's electronic case filing procedures, version 6.1, section IV, 4.4(b).

2. Travelers waived service of Plaintiff's Summons and Complaint ("Complaint") on March 2, 2018.

3. Plaintiff's Complaint sets forth two claims for relief: (i) common law bad faith; and (ii) unreasonable delay in violation of C.R.S. §§ 10-3-1115 and -1116. (Compl. ¶¶ 44-53.)

4. According to the Complaint, at relevant times, Plaintiff owned commercial real property located at 6030 E. 50th Avenue, Denver, Colorado 80224 ("Property"). (*Id.* ¶ 2.)

5. Travelers insured the Property under policy no. 680-2266C109 ("Policy"). (*Id.* ¶¶ 8-11.) The Policy was in effect from November 1, 2014 to November 1, 2015. (*Id.* ¶ 9.)

6. The Complaint alleges that on or about June 5, 2015, the Property "sustained significant damage" from a hailstorm ("Incident"). (*Id.* ¶ 13.) Plaintiff filed a claim with Travelers for the alleged damage resulting from the Incident ("Claim"). (*Id.* ¶ 14.)

7. The Complaint's allegations pertain to Travelers' handling of Plaintiff's Claim related to the Incident.

## GROUNDS FOR REMOVAL

**I.     REMOVAL IS TIMELY**

8. This Notice of Removal is filed within 30 days after Travelers accepted service of the Complaint on March 2, 2018. (*See supra* ¶ 2.) Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

9. Pursuant to 28 U.S.C. § 1332, the Complaint asserts claims over which this Court has original jurisdiction. Under 28 U.S.C. § 1441 and 1446, the State Court Action may be removed because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND TRAVELERS

10. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions it. *See id.*

11. Plaintiff is a Colorado corporation with its principal place of business in Denver, Colorado. (*See* Colorado Secretary of State Summary, attached as **Exhibit 1**.)

12. Travelers is an insurance company organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. Travelers is a citizen of Connecticut. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1714 (2016) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

13. Because the parties are citizens of different states and Travelers is not a citizen of Colorado, complete diversity of citizenship exists. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2).

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

14. Under 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

16. "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

17. The facts here establish that the amount-in-controversy requirement is met.

18. According to Plaintiff's Complaint, during the course of the Claim, Plaintiff estimated that the actual cash value ("ACV") of the hail damage to the Property totaled approximately $1.4 million. (Compl. ¶ 22.)

19. Plaintiff further alleges that, during the course of the Claim, Travelers estimated the ACV of the hail damage as totaling approximately $963,000. (*Id.* ¶ 33.)

20. Plaintiff also alleges that it received a payment from Travelers in the amount of $274,248.12 that was "$137,692.12 short of the total undisputed additional ACV amount of $411,940.24." (*Id.* ¶ 35.)

21. Plaintiff alleges that during the course of the Claim, it "demanded that the parties enter into appraisal as they could not reach an agreement on the amount of loss." (*Id.* ¶ 38.)

22. According to the Complaint, on September 29, 2017, "the appraisers reached a unanimous agreement on the amount of loss" at $1.6 million ACV. (*Id.* ¶ 40.)

23. Plaintiff alleges that the appraisal award was "$1 million more than Travelers' initial estimate[.]" (*Id.*)

24. According to the Complaint, "Travelers issued payment in the full amount of the appraisal award" (*id.* ¶ 43), and within 30 days, as requested by Plaintiff (*id.* ¶ 41).

25. Despite receiving full payment, Plaintiff alleges that Travelers "unreasonably delayed payment to GSL" and that "Travelers' actions have unreasonably delayed payment of the loss and damage." (*Id.* ¶ 52.) In sum, Plaintiff alleges that Travelers should have paid it $1.6 million sooner than Travelers did.

26. Travelers denies that it acted in bad faith and denies that it unreasonably delayed payment to Plaintiff.

27. Plaintiff seeks relief under C.R.S. §§ 10-3-1115 and -1116. (*Id.* ¶¶ 50-53.)

28. In the event that Plaintiff prevails under C.R.S. § 10-3-1116, Plaintiff seeks to recover two times the covered benefit, attorney fees, and costs. (*Id.* ¶ 53.) The Tenth Circuit has interpreted C.R.S. § 10-3-1116 to permit insureds to recover double the covered insurance benefit. *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1264 (10th Cir. 2016). Plaintiff is therefore seeking well in excess of $75,000, exclusive of interest and costs.

29. Additionally, Plaintiff seeks to recover an award of attorney fees under C.R.S. § 10-3-1116. Plaintiff's demand for attorney fees further confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F. 3d 1337, 1340 (10th Cir. 1998) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).

30. Finally, Plaintiff's Civil Cover Sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff indicated that it seeks "[a] monetary judgment over $100,000," excluding interest and costs. (*See* Plaintiffs' State Court Civil Cover Sheet submitted herewith.) Plaintiff's representation on its Civil Cover Sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

31. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

32. Venue is proper in the District Court of Colorado pursuant to 28 U.S.C. § 1391(b)(2) and 1441(a).

## NOTICE OF REMOVAL

33. Pursuant to 28 U.S.C. § 1446(a), the filing of a copy of this notice of removal with the clerk of the state court effects the removal of the State Court Action. A copy of the notice of filing of notice of removal filed contemporaneously in the State Court Action is attached as **Exhibit 2**.

## NO WAIVER

34. No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, and rights are reserved.

## LIMITED DISCOVERY

35. To the extent the Court has any questions regarding the issues of diversity of citizenship between the parties or the amount in controversy, Travelers reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail*, 529 F.3d at 954.

## CONCLUSION

For the reasons set forth above, Travelers removes this action to the United States District Court for the District of Colorado.

Dated: March 30, 2018

Respectfully submitted,

*Below-signed counsel certifies that he is a member in good standing of the bar of this Court.*

s/ *Evan Bennett Stephenson*
Terence M. Ridley
Evan Bennett Stephenson
Kayla L. Scroggins
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: ridley@wtotrial.com
stephenson@wtotrial.com
scroggins@wtotrial.com

Attorneys for Defendant,
The Travelers Indemnity Company

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on March 30, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via email:

Christopher N. Mammel
Merlin Law Group, P.A.
1001 17th Street, Suite 1150
Denver, CO 80202
Email:  cmammel@merlinlawgroup.com

*Attorney for Plaintiff*

                                            *s/ Claudia Jones for Evan Bennett Stephenson*
                                            Evan Bennett Stephenson