IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-00746-RM-SKC

GSL GROUP, INC.,

    Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY, a corporation,

    Defendant.

---

**ORDER**

---

Before the Court is the Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 193) to deny Plaintiff's Motion for Leave to Amend Scheduling Order and Amend Complaint (ECF No. 181). Plaintiff has filed an Objection to the Recommendation (ECF No. 194), and Defendant has filed a Response to the Objection (ECF No. 197). For the reasons below, the Court overrules the Objection and accepts the Recommendation.

**I.     BACKGROUND**

Plaintiff filed a claim with Defendant, its insurer, after its commercial property was damaged in a hailstorm. Defendant initially denied the claim but later agreed that at least some of the damage claimed by Plaintiff was covered by its policy. The parties were unable to agree on the valuation of the claim, and Plaintiff invoked the policy's appraisal provision. The parties' appraisers ultimately agreed on an appraisal award of $1.6 million, which Defendant paid to Plaintiff.

Plaintiff then brought this action, asserting claims for common law bad faith and unreasonable delay of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. Ruling on Defendant's Motion for Partial Summary Judgment, Senior United States District Judge Marcia S. Krieger found there was no genuine dispute that Plaintiff's appraiser was not impartial, and therefore vacated the appraisal award. Judge Krieger also ruled that questions remained as to whether Plaintiff is entitled to benefits under the policy, whether, if so, Defendant engaged in bad faith or unreasonable delay by not paying such benefits sooner, and whether Defendant is entitled to recover some or all of what it paid to Plaintiff, based on either the defense of recoupment or a counterclaim for unjust enrichment.

Plaintiff subsequently filed its Motion, which was referred to the magistrate judge, seeking to assert a "newly arisen" claim for breach of contract. (ECF No. 181 at 6.) Plaintiff's theory is that good cause exists to amend the Scheduling Order because the policy's appraisal provision and Defendant's performance barred a breach of contract claim when the lawsuit was filed, but once the appraisal award was vacated, whether Defendant owes additional benefits under the policy must necessarily be determined. In its Response, Defendant argues that Plaintiff should not be permitted "to effectively restart the case" after Defendant prevailed on its defense that Plaintiff breached the policy by appointing a partial appraiser. (ECF No. 186 at 2.)

The magistrate judge noted that the Scheduling Order deadline to amend the pleadings lapsed in July 2018, more than three years before Plaintiff filed its Motion. The magistrate judge further determined that Plaintiff's new claim was not based on new evidence that was unavailable when the case was filed. Moreover, because "[t]he facts did not change based on Judge Krieger's order," Plaintiff could have brought a breach of contract claim earlier. (ECF No. 193 at 4.) Finding the delay "palpable," the magistrate judge determined Plaintiff should not be

2

granted leave to amend because it could satisfy neither the "good cause" standard of Fed. R. Civ. P. 16 nor the "needs of justice" standard of Fed. R. Civ. P. 15(a)(2). (*Id.* at 6.) The magistrate judge further determined that adding a new claim at this late stage would cause undue delay, wreak havoc on the Court's docket, and prejudice Defendant.

## II.  LEGAL STANDARDS

### A.  Review of a Magistrate Judge's Recommendation

While there is some confusion over whether a motion to amend falls within Fed. R. Civ. P. 72(a), which sets forth the standard of review for magistrate judge orders on nondispositive matters, or Fed. R. Civ. P. 72(b), which sets forth the standard for reviewing dispositive motions, the Court declines to resolve that issue here. Even reviewing the matter de novo, the Court agrees with the Recommendation.

### B.  Leave to Amend a Complaint

Under Fed. R. Civ. P. 15(a), leave to amend a complaint should be freely given when justice so requires. Nonetheless, leave to amend may be withheld for reasons such as undue delay, futility, and undue prejudice to the opposing party. *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).

Where, as here, the scheduling order deadline for amending the complaint has passed, the plaintiff must establish good cause under Fed. R. Civ. P. 16(b)(4) to do so. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). The Court has considerable discretion in determining what kind of showing satisfies the good cause standard and may focus on, inter alia, the diligence of the moving party, its reasons for seeking to amend, and any possible prejudice to the opposing party. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).

3

### III. ANALYSIS

In its Objection, Plaintiff argues that its breach of contract claim arose "solely through judicial action after the amendment deadline." (ECF No. 194 at 5.) But nothing prevented Plaintiff from earlier asserting a breach of contract claim as an alternative theory of recovery. *See* Fed. R. Civ. P. 8(a)(3) and 8(d). In July 2018, Judge Krieger vacated an appraisal award in another case litigated by Plaintiff's counsel and involving the same public adjuster Plaintiff retained. *See Copper Oaks Master Home Owners Ass'n v. Am. Fam. Mut. Ins. Co.*, No. 15-cv-01828-MSK-MJW, 2018 WL 3536324, at *2 (D. Colo. July 23, 2018). Thus, to the extent Plaintiff's case, as filed, hinged on the appraisal award, Plaintiff could have been more diligent in considering how this case might play out.

Moreover, the Court is not persuaded that judicial action—alone—is what gave rise to the breach of contract claim. Rather, under the circumstances of the case, Plaintiff's role in appointing a partial appraiser cannot be ignored, particularly where Defendant raised the issue as a defense. Therefore, the Court is not persuaded that justice requires granting leave to amend at this late stage of the case.

Nor is the Court persuaded that denying the Motion undermines the intent behind Judge Krieger's order. It is true that, as stated in the order, "a trial in this action will be necessary to determine the nature and extent of any benefits that might still be owed" (ECF No. 172 at 15), regardless of whether Plaintiff is permitted to assert a separate breach of contract claim. To resolve Plaintiff's common law bad faith claim, the jury will need to determine whether Defendant "(1) acted unreasonably and (2) knew or recklessly disregarded the unreasonableness of its conduct." *Sandoval v. Unum Life Ins. Co. of Am.*, 952 F.3d 1233, 1236 (10th Cir. 2020). And to resolve Plaintiff's statutory claim, the jury will need to determine whether Defendant

delayed or denied payment of a covered benefit without a reasonable basis for its conduct. *See id.* Thus, Plaintiff's claims are intertwined with the remaining issue of what benefits Plaintiff is entitled to under the policy, and the Court is not persuaded that denying Plaintiff's Motion is inconsistent with the language or intent of Judge Krieger's order.

The Court further concurs with the magistrate judge's assessment that allowing amendment now would cause undue delay in the case and undue prejudice to Defendant. The hail that is alleged to have damaged Plaintiff's property fell more than seven years ago, and the parties have been litigating this dispute for over four years. In its Response to the Objection, Defendant points out the practical difficulties that arise as the case continues to be drawn out, including the fact that the commercial building at issue has in the interim been sold by Plaintiff. (ECF No. 197 at 12.) The Court finds the inefficiencies and impracticalities of further delays outweigh the likely benefits that could be derived from further postponing this matter.

**IV.   CONCLUSION**

Therefore, the Court OVERRULES the Objection (ECF No. 194), ACCEPTS the Recommendation (ECF No. 193), and DENIES the Motion (ECF No. 181).

DATED this 12th day of August, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge